# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-2063, 3D21-2077
Lower Tribunal Nos. Final Order No. AC-21-002,
AC Case No. ACC-20-005, DOAH Case Nos. 18-5695GM and 18-5696GM

_____

**Tropical Audubon Society, and Michelle Garcia,**
Appellants,

and

**Limonar Development, LLC, Wonderly Holdings, LLC, and
Mills Family, LLC,**
Appellants,

vs.

**Miami-Dade County, Florida; and State of Florida,
Administration Commission,**
Appellees.

Appeals from the State of Florida, Administration Commission.

Richard Grosso, P.A., and Richard Grosso (Plantation); Coffey Burlington, P.L., and Paul J. Schwiep, for appellants Tropical Audubon Society and Michelle Garcia.

John C. Lukacs, P.A., and John C. Lukacs, Sr.; Francisco J. Pines, P.A., and Francisco J. Pines, for appellants Limonar Development, LLC, Wonderly Holdings, LLC, and Mills Family, LLC.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Dennis A. Kerbel and Christopher J. Wahl, Assistant County Attorneys, for appellee Miami Dade County.

Mark A. Buckles, Executive Office of the Governor (Tallahassee), for appellee Administration Commission.

Nancy E. Stroud (Boca Raton), for American Planning Association, Florida Chapter, as amicus curiae.

Everglades Law Center, Inc., and Elizabeth Fata Carpenter, Lisa Interlandi and S. Ansley Samson (North Palm Beach), for Friends of the Everglades, 1000 Friends of Florida, and Miami Waterkeeper, as amici curiae.

Edward G. Labrador, Sr. Legislative Counsel (Tallahassee); Andrew J. Meyers, Broward County Attorney, and Joseph K. Jarone and Kristin M. Carter, Assistant County Attorneys (Fort Lauderdale), for Florida Association of Counties, Inc., as amicus curiae.

Before GORDO, LOBREE and BOKOR,*JJ.

PER CURIAM.

Affirmed. <u>See</u> § 120.68(7)(b),(8), Fla. Stat. (2018) (limiting court's review of final agency action and requiring court to affirm unless it finds one

---

*Judge Bokor did not participate in oral argument.

of grounds listed therein); Nassau County v. Willis, 41 So. 3d 270, 278 (Fla. 1st DCA 2010) (holding interpretation of comprehensive plan is question of law subject to de novo review); Martin County v. Yusem, 690 So. 2d 1288, 1295 (Fla. 1997) (holding amendments to local government's comprehensive plan are legislative in nature and, therefore, are subject to fairly debatable standard of review; where reasonable persons could differ as to propriety of planning action, it should be affirmed); Campbell v. Dep't. of Transp., 267 So. 3d 541, 545 (Fla. 1st DCA 2019) (holding in appeal from final administrative action, court reviews agency's findings of fact to determine whether they are supported by competent, substantial evidence in record).